Filed 9/23/20  P. v. Delatorre CA2/3
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JAIME DELATORRE,<br><br>  Defendant and Appellant. | B304445<br><br>(Los Angeles County<br>Super. Ct. No. GA106172) |

APPEAL from an order of the Superior Court of Los Angeles County, Cathryn F. Brougham, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Jaime Delatorre appeals the trial court's order denying his request for additional custody credit. We affirm the court's order.

PROCEDURAL BACKGROUND

In April 2017, in Los Angeles County Superior Court case No. GA100963, Delatorre was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a))[1] and was placed on probation for five years, on the condition he serve one year in jail.

On August 26, 2019, in Los Angeles County Superior Court case No. GA106172, Delatorre pled nolo contendere to being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and admitted suffering a prior "strike" conviction in case No. GA100963. (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i).) The trial court sentenced Delatorre to the low term of sixteen months in prison, doubled pursuant to the Three Strikes law. It awarded him 78 days of credit, comprised of 39 days of actual credit and 39 days of conduct credit. It also imposed various fines and fees. Probation was revoked in the prior strike case, No. GA100963. On that matter, the court imposed a concurrent two-year term, and awarded 404 days of actual credit and 39 days of conduct credit, for a total of 443 days.

On December 23, 2019, acting in propria persona, Delatorre requested that the trial court award an additional 404 days of actual credit in case No. GA106172. On January 6, 2020, the trial court denied the motion, finding that the conduct credits had been correctly calculated.

Delatorre timely appealed.

---

[1] All further undesignated statutory references are to the Penal Code.

## DISCUSSION

After review of the record, Delatorre's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

The trial court properly denied Delatorre's motion. Regarding case no. GA106172, Delatorre was arrested on July 19, 2019. He was sentenced on August 26, 2019. Thus, he was entitled to 39 days of actual custody credit, which the court awarded. (See § 2900.5.) The court also awarded 39 days of conduct credit (§ 4019, subd. (f).) Delatorre was not entitled to an additional 404 days of credit in case No. GA106172. The 404 actual credit days awarded in case No. GA100963 are not applicable to case no. GA106172.

We have examined the record, and are satisfied no arguable issues exist and Delatorre's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

3

DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

4